**MCDONNELL CROWLEY, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> PRAVEEN K. ANDAPALLY, <br><br> Debtor. | Case No. 16-21074 (KCF) <br><br> Honorable Kathryn C. Ferguson <br><br> Chapter 7 |

**CHAPTER 7 TRUSTEE'S VERIFIED OBJECTION TO**
**THE DEBTOR'S MOTION TO CONVERT CHAPTER 7 CASE TO CHAPTER 11**

TO:   THE HONORABLE KATHRYN C. FERGUSON,
    UNITED STATES BANKRUPTCY JUDGE:

John M. McDonnell, the chapter 7 trustee (the "Trustee") for estate of Praveen K. Andapally, the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, hereby submits this verified objection (the "Objection") to the motion filed by the Debtor to convert his case from one under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") to one under chapter 11 of the Bankruptcy Code (the "Motion to Convert"), pursuant to sections 105 and 706 of the Bankruptcy Code, Rule 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), previous Orders of this Court, and D.N.J. LBR 9013-1. Based upon information and belief, in support of the Objection, the Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Objection, pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105 and 706 of the Bankruptcy Code, Bankruptcy Rule 9013, and D.N.J. LBR 9013-1.

**PRELIMINARY STATEMENT**

3. This is the Debtor's second bankruptcy case within a year, and the Debtor does not appear to be a good faith debtor seeking to restructure his finances and make a distribution to creditors – rather the Debtor seeks all the protections of the bankruptcy process while ignoring his obligations under the Bankruptcy Code and Orders of this Court.

4. The Debtor is essentially attempting to play fast and loose with this Court's jurisdiction. Indeed, the Motion to Convert was only filed after the Trustee demanded turnover of certain property and information.

5. By the Motion to Convert, the Debtor is in essence attempting to re-litigate this Court's decision to convert these proceedings from chapter 11 to chapter 7 of the Bankruptcy Code.

6. The Motion to Convert could arguably be categorized as a motion for reconsideration as the Debtor's only one argument appears to be that this Court must have made a mistake in entering an Order converting these proceedings after the Debtor failed to adhere to deadlines and Order of this Court. However, there is nothing new to be found in the Motion to Convert to justify overturning previous decisions of this Court – indeed, the few lines that

comprise the motion barely constitute a motion, much less a substantive pleading, and it does not appear the motion was served on any party.

7. Moreover, the Debtor, with negative monthly income, fails to offer any justification to meet his burden as to why these proceeding would provide any additional benefit to all the estate's stakeholders under chapter 11 of the Bankruptcy Code as opposed to chapter 7 of the Bankruptcy Code - or why the Debtor's third proposed chapter 11 case within the past year will be any more successful than the previous two failed chapter 11 cases.

8. Furthermore, contrary to the apparent allegations of the Debtor, the only appropriate venue to proceed with the Debtor's bankruptcy case is one in chapter 7 and with the assistance of a independent fiduciary in the form of a chapter 7 trustee who will be able to pursue claims on behalf of the estate and properly market the estate's assets, and thus preserve, protect and maximize the value of the Debtor's estate for the benefit of its creditors. Indeed, just within the few weeks that the Trustee has been appointed he has already worked to uncover potential assets of the estate.

9. Additionally, the Trustee has already filed applications to retain professionals, which this Court entered Orders approving, and the Debtor did not file any opposition to the retention applications and/or Orders.

10. Accordingly, the Trustee respectfully submits that the Motion to Convert should be denied.

## BACKGROUND

**Procedural Background**

11. On June 7, 2016, the Debtor filed his voluntary petition (the "Second Petition") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. *See* Docket No. 1.

12. On June 8, 2016, the Clerk of this Court noted the dismissal of the Debtor's previous bankruptcy case with the following "Clerk's Evidence of Previous Dismissal. 11 U.S.C. section 362(c)(3). The Debtor had one case pending within the preceding one year period but was dismissed. See case 16-11369." *See* Docket *generally*.

13. On December 15, 2016, this Court entered an order converting the Debtor's case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code (the "Conversion Order"). *See* Docket No. 68.

14. On December 16, 2016, John M. McDonnell was appointed as the Trustee for the Debtor's estate and is acting in that capacity. *See* Docket No. 71.

15. The Debtor's 341(a) Meeting of Creditors (the "341 Meeting") is currently scheduled to be held on February 8, 2017. *See* Docket No. 71.

**The Debtor's Previously Failed Bankruptcy**

16. The Second Petition was filed approximately six (6) weeks after the Debtor's first bankruptcy case was dismissed by this Court.

17. On January 27, 2016 (the "Original Petition Date"), the Debtor filed his original voluntary petition (the "First Petition") for relief under chapter 11 the Bankruptcy Code, in the United States Bankruptcy Court for the District of New Jersey (the "Original Bankruptcy

4

Case"). *See* Court Docket No. 1, *In re Praveen K. Andapally,* Case No. 16-11369 (KCF) (the "Original Docket").

18. As reflected on the docket, the signatures on the First Petition did not match the appropriate e-filer. Although, the First Petition was filed by the law firm of Joshua L. Thomas & Associates (the "Thomas Firm") the First Petition was signed by "Harrison Ross Byck, Esquire" with the law firm of Kasuri & Levy, LLC (the "Kasuri Firm"). *See* Original Docket No. 1.

19. Question No. 16 of the Statement of Financial Affairs (the "SOFA") reads in relevant part: "Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?"

20. In response to Question No. 16 of the SOFA of the First Petition the Debtor notes that "Kasuri & Levy, LLC" was paid $10,000 on "10/2015." *See* Original Docket No. 1.

21. On January 28, 2016, the Thomas Firm filed the amended petition and schedules that reflected the Thomas Firm as the appropriate e-filer. However, on the amended petition, the Debtor's response remained the same as to the $10,000 paid to the Kasuri Firm. It is not clear from the petition what, if any, compensation was paid to the counsel of record in the Original Bankruptcy Case, the Thomas Firm. *See* Original Docket No. 4.

22. *In the Debtor's current case*, on the Second Petition, in response to the compensation question in the previous year prior to the Petition Date (*see* Question No. 16 on the SOFA) the Debtor lists two payments to the Kasuri Firm, with the first payment of $4,500 paid in May 2015 for "toward previous Ch. 11 Bankruptcy and Loss Mitigation preparation' and a second payment in the amount of $10,000 paid on "9/2015 to 11/2015" for "Attorney Fees for

5

Ch. 11 Bankruptcy, Loss Mitigation , negotiations, motions and DIP assistance."   No payments are reflected to the Thomas Firm.  *See* Docket No. 1.

23. On January 29, 2016, this Court entered and *Order to Show Cause Why Case Should Not Be Dismissed for the Debtor's Failure to Meet Credit Counseling Requirements* (the "Order to Show Cause") in the Original Bankruptcy Case.  *See* Original Docket No. 5.

24. On February 10, 2016, this Court entered an Order dismissing the Original Bankruptcy Case.  *See* Original Docket No. 17.

25. On February 23, 2016, the Thomas Firm filed, on behalf of the Debtor, a short motion to reinstate the case (the "Motion to Reinstate") which reads as follows:

> COMES NOW, Debtor, PRAVEEN K. ANDAPALLY, by and through the undersigned counsel and motion this Court to reinstate the Chapter 11 case and vacate the Order Dismissing Case and in support of this motion, states:
>
> 1. The Court entered an Order dismissing the bankruptcy case on February 10, 2016 for failure to file credit counseling certificate.
>
> 2. The debtor has filed the Certificate of Credit Counseling on February 23, 2016.
>
> WHEREFORE, the Debtors ask that the Court grant this motion and for such other relief as is just and proper.

See Original Docket No. 21.

26. The Motion to Reinstate appears very similar in form, as to verbiage and brevity, as compared to the Motion to Convert filed by the Thomas Firm in the Debtor's current case.  *See* Original Docket No. 21 and l Docket No. 77.

27. On March 23, 2016, this Court entered an Order denying the relief sought in the Motion to Reinstate.  *See* Original Docket No. 22.

28. On April 29, 2016, the Original Bankruptcy Case was closed. *See* Original Docket No. 24.

**The Debtor's Failure to Properly Administer his Recent Chapter 11 Case and Comply with Orders of this Court and his Obligations under the Bankruptcy Code**

29. As of the Petition Date, the Debtor's right to exclusively file a proposed chapter 11 plan expired on October 5, 2016. *See* Docket No. 1.

30. On September 15, 2016, this Court entered an order requiring the Debtor to file a plan of reorganization and disclosures statement by December 13, 2016 (the "Plan Deadline Order"). The Plan Deadline Order provided in relevant part:

> ORDERED that the debtor shall file a Plan and Disclosure Statement by __*12-13-2016*_____, and it is further
>
> ORDERED that if the Plan and disclosure Statement are not filed by ___*12-13-2016*_____ the case will automatically be converted without further notice, and it is further
>
> ORDERED that the debtor comply with the Operating Guidelines for Chapter 11 Debtors issued by the Office of the United States Trustee, particularly as they apply to the filing of the operating reports and payment of the required quarterly fees to the United States Trustee pursuant to 28 U.S.C. § 1930.

*See* Docket No. 45.

31. On December 12, 2016, the Debtor filed various overdue Monthly Operating Reports for the periods of September 2016 and October 2016. No further monthly operating reports were filed after this date. *See* Docket Nos. 66 and 67.

32. On December 15, 2016, this Court entered the Conversion Order. *See* Docket No. 68.

7

33. The Debtor failed to file a proposed plan of reorganization and disclosure statement as required under the Plan Deadline Order. The Debtor also failed to file any pleadings with this Court to seek an extension of the deadline to file a proposed plan of reorganization or disclosure statement.

34. The Conversion Order provides in relevant part as follows:

> ORDERED that this case is converted from chapter ___11_ to chapter 7, and it is further
>
> ORDERED that the United States Trustee shall immediately appoint a chapter 7 trustee in this case, and it is further
>
> ORDERED that if the case is converting from chapter 11, the debtor or chapter 11 trustee shall . . . . immediately turn over to the chapter 7 trustee, all records and property of the estate in his/her custody or control . . .

*See* Docket No. 68.

35. On December 16, 2016, the United States Trustee appointed the Trustee. *See* Docket No. 70.

36. On December 16, 2016, the Trustee filed his application to retain McDonnell Crowley, LLC as his counsel. On December 27, 2016, this Court entered an Order approving the retention of McDonnell Crowley, LLC as counsel to the Trustee. Neither the Debtor nor any other party in interest filed an objection to the retention application of McDonnell Crowley, LLC. *See* Docket Nos. 72 and 80.

37. On December 16, 2016, the Trustee also filed his application to retain Bederson LLP as his accountant. On December 27, 2016, this Court entered an Order approving the retention of Bederson LLP as accountant to the Trustee. Neither the Debtor nor any other party in interest filed an objection to the retention application of Bederson LLP. *See* Docket Nos. 73 and 79.

38. On December 16, 2016, counsel for the Trustee demand the turnover of certain property, including, approximately $29,000 in funds and a 2015 Audi Q3, as well as the turnover of various documents and information.

39. Days later, following the Trustee's turnover demand, on December 19, 2016, the Kasuri Firm, on behalf of the Debtor filed the Motion to Convert. *See* Docket No. 77.

40. ***The short Motion to Convert offers no substantive and/or legal arguments*** and reads as follows:

> COMES NOW, the Debtor, PRAVEEN K. ANDAPALLY, and hereby submits this Motion to Convert Case From Chapter 7 to Chapter 11, and in support thereof states as follows:
>
> 1. The above-referenced case was filed on June 7, 2016.
>
> 2. We believe the Court inadvertently entered an order to convert and without debtor's attorney having a chance to be heard on the matter.
>
> WHEREFORE, Debtor respectfully requests that the case be converted back to Chapter 11.

See Docket No. 77.

41. ***No Certificate of Service was filed with the Motion to Convert and no proof is offered by the Debtor as to service of the Motion to Convert.*** *See* Docket *generally.*

42. As noted above, the Motion to Convert appears very similar to the Motion to Reinstate that was filed by the Thomas Firm in the Original Bankruptcy Case. *See* Original Docket No. 21 and l Docket No. 77.

43. The Motion to Convert also fails to provide any justification for why the Debtor failed to properly file any motion seeking an extension of the Debtor's deadline to file a proposed plan of reorganization and disclosure statement and/or comply with Orders of this

9

Court and the Debtor obligations under the Bankruptcy Code – *the only justification offered by the Debtor is this that Court must have made a mistake by entering the Conversion Order*.

44. Since his appointment, the Trustee has conducted an initial investigation of the Debtor's assets and has uncovered potential undisclosed/under-disclosed assets. However, the Trustee requires the Debtor to comply with the obligations he voluntary assumed under the Bankruptcy Code and turnover property, information and otherwise cooperate with the Trustee and his professionals.

## **RELIEF REQUESTED AND BASIS THEREFORE**

45. The Trustee files this objection to the Motion to Convert, pursuant to sections 105 and 706 of the Bankruptcy Code, previous Orders of this Court, Bankruptcy Rule 9013, and D.N.J. LBR 9013-1. Here, the Debtor offers no substantive factual and/or legal reasoning to support the Motion to Convert.

46. Indeed, the Debtor did not file a memorandum of law in support of the Motion to Convert as required by the local rules of bankruptcy procedure. The Motion to Convert does not even appear to have been served on any party. For this reason alone, the Motion to Convert should be denied.

47. Accordingly, the Trustee respectfully submits that the Motion to Convert should not granted under the plain meaning of section 706 of the Bankruptcy Code, previous Orders of this Court, the Bankruptcy Rules, local rules, and/or the equities of this case.

I. **The Debtor Offers No Basis to Support Re-Converting these Proceeding to one Under Chapter 11**

48. The Debtor filed the Motion to Convert in an effort to frustrate the Trustee's efforts to liquidate assets of the estate to the prejudice all his creditors and, thus, should be denied.

49. As noted above, the Debtor provides no statutory basis or case law in support of the Motion to Convert. However, section 706 of the Bankruptcy Code governs conversion of a chapter 7 case. Section 706 provides in relevant part:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
>
> (b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time. . . .
>
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

*See* 11 U.S.C. § 706.

50. The general right of a debtor to convert a chapter 7 bankruptcy case is not absolute. "[S]ection 706 imposes two plainly expressed limitations upon a debtor's right to convert: the debtor (i) must not previously have converted the case; and (ii) must meet the eligibility requirements for the chapter to which he intends to convert . . ." *In re Marrama* 430 F.3d 474, 477 (1st Cir. 2005).

51. The Debtor's case here was already converted from a chapter 11 case and he is not eligibility to convert this case. "The legislative history of § 706(a) plainly supports the interpretation that a debtor's right to convert is lost once it has been exercised." *In re Carter*, 84 B.R. 744, 747 (D. Kan. 1988) (Following involuntary conversion of a chapter 11 proceeding to a

11

chapter 7 proceeding, the debtors moved to convert their case to a chapter 13 proceeding. The bankruptcy court, denied the motion, and the debtors appealed. The district court, held, among other things, that the debtors lost their right to request a conversion upon the involuntary conversion from a chapter 11 case. *In re Carter*, 84 B.R. 744 (D. Kan. 1988)).

52. Moreover, courts may disallow conversion if a debtor has engaged in fraudulent conduct or conversion would be an abuse of the process. *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007)(In *Marrama*, the Court considered a motion to convert to a chapter 13 case).

53. This Court should consider the following when determining whether the Motion to Convert was filed in good faith:

> In assessing the totality of the circumstances, the bankruptcy court may consider, *inter alia*, (i) the accuracy of the debtor's financial statements; (ii) any other attempts by the debtor to mislead the bankruptcy court or manipulate the bankruptcy process; (iii) the type of debt sought to be discharged; (iv) whether the debt is dischargeable in chapter 7; and (v) the debtor's motivation in seeking to convert.

*Marrama*, 430 F.3d at 482.

54. Additionally, to the extent the Debtor is considered a party in interest under section 706(b) of the Bankruptcy Code, the Debtor cannot meet his burden to show why these proceeding should be converted. "The burden is on the moving party to establish that the case should be converted under Section 706(b)." *In re LaFountaine*, 2016 WL 3344003, at 3 (B.A.P. 9th Cir. June 7, 2016); *see also In re Ryan*, 267 B.R. 635, 637–38 (Bankr. N.D. Iowa 2001).

55. As one court noted regarding the considerations a court may consider under section 706(b) of the Bankruptcy Code:

> The decision whether to convert a case under Section 706(b) is left in the sound discretion of the court, based on what will most inure

> to the benefit of all parties in interest. . . . Section 706(b) does not provide guidance regarding the factors a court should consider in resolving a conversion motion. Since there are no specific grounds for conversion, a court should consider anything relevant that would further the goals of the Bankruptcy Code. While Section 706(b) does not mandate a balancing of parties' interests as a predicate to conversion of a chapter 7 case to chapter 11, courts consistently consider several factors, including a debtor's ability to fund a chapter 11 plan, in exercising their discretion under Section 706(b). A debtor's ability to pay typically is a starting point in the § 706(b) analysis, however, since the whole reason for asking for a case to be converted is the assumption that creditors would receive more in a chapter 11 than in a chapter 7. . . . The Debtor's ability to fund a Chapter 11 plan if he chooses to do so was certainly an important and relevant consideration.

*In re LaFountaine*, 2016 WL 3344003, at 2–3 (B.A.P. 9th Cir. June 7, 2016) (internal citations and quotations omitted); *see also In re Ryan*, 267 B.R. 635, 637–38 (Bankr. N.D. Iowa 2001) ("As always, the Court keeps in mind that Chapter 11 embodies the general Code policy of maximizing the value of the bankruptcy estate. If cause exists to reconvert from Chapter 11 under § 1112(b), conversion from Chapter 7 under § 706(b) would be a futile and wasted act.").

56. The Debtor's case, the second in a year, has already been converted from a case under chapter 11 of the Bankruptcy Code after the Debtor failed to timely put forth a proposed plan of reorganization and adhere to the Plan Deadline Order.

57. There is nothing to suggest that the creditors of the estate would receive more in a costly chapter 11 case than a chapter 7 proceeding – or that the Debtor's third proposed chapter 11 case within the past year will be any more successful than the previous two cases. Here, the Trustee also already demanded the turnover of approximately $29,000 in funds, and a 2015 Audi Q3, which the Debtor has failed to comply.

58. Based upon a review of the Debtor's Second Petition, there is nothing to support the argument that re-converting these proceedings back to one under chapter 11 of the Bankruptcy

Code would be beneficial to all the estate's stakeholders. Indeed, on Schedule "J" of the Second Petition the Debtor lists a **negative $589.29 in monthly income**. *See* Docket No. 1.

59. Moreover, the Debtor has acted in bad faith in failing to comply with its obligations under the Bankruptcy Code and previous Orders of this Court.

60. The Debtor has offered nothing to meet his burden under section 706 of the Bankruptcy Code. As noted here, the Debtor filed a very short pleading with this Court that offered no substantive argument of any kind – other than this Court must have made a mistake in entering the Conversion Order.

61. The Trustee respectfully submits that the Debtor has not set forth sufficient grounds for granting the Motion to Covert, and the motion should be denied.

**II.    The Debtor Offers No Basis to Reconsider this Court's Order Converting this Proceeding to one Under Chapter 7**

62. To the extent the Motion to Convert could be considered a motion for reconsideration, the Debtor has failed to meet his high burden to prevail under a motion for reconsideration. "The standard for reconsideration is high, and reconsideration is to be granted only sparingly." *Richardson v. Treacy, Schaffel, Moore & Mueller*, 2007 WL 1321201, *1 (D.N.J. 2007) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J.1994)). As set forth herein, the Debtor does not even attempt to seriously meet any of the grounds for relief. Instead, the Debtor seeks to essentially re-litigate this Court's previous ruling as being a mistake.

63. In order to prevail, a party seeking reconsideration of a court's order must establish at least one of the following three grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [entered the order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.

14

1999). Moreover, "the Third Circuit has held that a motion for reconsideration should be limited to exceptional circumstances." *In re Christie*, 222 B.R. 64, 68 (Bankr. D.N.J. 1998) (citing *Lony v. E.I. DuPont de Nemours & Co.*, 935 F.2d 604, 608 (3d Cir. 1991)).

> [A] motion for reconsideration will not be "used as a vehicle to reargue the motion or present evidence which should have been raised before." The moving party must show more than "mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision."

*Id.* at 67-68 (citations omitted). *See also In re Engel*, 190 B.R. 206, 212 (Bankr. D.N.J. 1995) ("Reconsideration is an extremely limited procedural device; and it is inappropriate to be used to reargue positions previously made or to otherwise ask the court to rethink issues already considered."); *See also Church & Dwight Co., Inc. v. Abbott Labs.*, 545 F.Supp.2d 447, 450 (D.N.J. 2008).

64. Here, to the extent the Motion to Convert could be considered a motion for reconsideration, the Debtor fails to meet his burden to prevail on his motion and have this Court convert the Debtor's case back to one under chapter 11 of the Bankruptcy Code as there is no new controlling law or evidence, and the entry of the Conversion Order was not a clear error of law or fact that would result in prevent any injustice.

**III.    Pursuant to Section 105 of the Bankruptcy Code the Equities Weigh in Favor of the Relief Sought by the Trustee**

65. The relief sought herein is also appropriate pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code. It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the administration of bankruptcy proceedings. *See In re Official Comm. of Unsecured Creditors of Cybergenics Corp.*, 330 F.3d 548, 567 (3d Cir. 2003); *Pepper v. Litton*, 308 U.S. 295, 304 (1939); *In re Carlton*, 72 B.R. 543, 547 (Bankr. E.D.N.Y. 1987) (Duberstein, Former Ch. J.).

Section 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." See 11 U.S.C. § 105(a).

66. As courts commonly acknowledge, section 105 of the Bankruptcy Code confers broad powers on bankruptcy courts:

> "[Section] 105 [is] an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case. The basic purpose of [section] 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of its jurisdiction . . . ."

*Davis v. Davis (In re Davis)*, 170 F.3d 475, 492 (5th Cir. 1999) (internal citations and quotations omitted); *See also In re Kaiser Aluminum Corp.*, 456 F.3d 328, 340 (3d Cir. 2006). Under section 105(a) of the Bankruptcy Code, this Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See Coie v. Sadkin (In re Sadkin)*, 36 F.3d 473, 478 (5th Cir. 1994).

67. As the Court in *Marrama* noted "the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate to prevent an abuse of process described in § 105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors." *Marrama*, 549 U.S. at 375 (internal citation and quotation omitted).

68. In the case *sub judice*, this case should remain one under chapter 7 of the Bankruptcy Code, pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

69. The Motion to Convert does not provide any substantive support to convert these proceedings to one under chapter 11.

70. Additionally, the Trustee requires the Debtor to comply with the obligations he voluntary assumed under the Bankruptcy Code and turnover property, information and otherwise cooperate with the Trustee and his professionals.

71. Accordingly, the Motion to Covert should be denied as the preservation of the Debtor's estate in a chapter 7 case is in the best interests of the estate's stakeholders and the Debtor directed to cooperate with the Trustee and his professionals.

**IV:   The Motion to Convert Should be Denied For Failing to Comply with the Bankruptcy Ruled and the Local Rules**

72. The Motion to Convert appears to make little attempt to comply with the Bankruptcy Rules and the Local Rules.

73. The Motion to Convert failed to adhere to Bankruptcy Rule 9013. Bankruptcy Rule 9013 provides:

> A request for an order, except when an application is authorized by the rules, shall be by written motion, unless made during a hearing. ***The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought***. Every written motion, other than one which may be considered ex parte, shall be served by the moving party within the time determined under Rule 9006(d). The moving party shall serve the motion on:
>
> (a) the trustee or debtor in possession and on those entities specified by these rules; or
>
> (b) the entities the court directs if these rules do not require service or specify the entities to be served.

*See* Bankruptcy Rule 9013.

74. The Motion to Convert also failed to comply with the Local Rules. D.N.J. LBR 9013-1 provides the following as to pleadings filed within this jurisdiction "(a) Required documents. A motion or cross-motion must consist of the following documents: (1) a notice of motion stating the date, time, and place of the hearing; (2) a certification containing the facts

17

supporting the relief requested; (3) a memorandum of law stating the legal basis for the relief requested, or a statement why a memorandum of law is unnecessary; (4) a proposed order; and (5) Local Form Certification of Service."

75. As noted herein, the Motion to Convert provided: no timing as to the hearing; no factual reasoning and/or the particularity the grounds for the basis of the relief requested in the Motion to Covert; no memorandum of law and/or legal authorities for the basis sought in the Motion to Covert; no proposed form of order; and no proof of service to the Trustee, the United States Trustee and/or any party interest, including, but not limited to the filing of the Local Form Certification of Service.

76. According, the Motion to Covert was not properly filed and/or served and should be denied.

**V: Alternative Relief: The Payment of all Chapter 7 Expenses and the Priority of the Same**

77. If, however, this Court is inclined to convert the Debtor's case, as a condition of conversion, the Debtor must satisfy in full all the Trustee's administrative fees and expenses incurred to date. Moreover, if the Debtor's case is converted to one under chapter 11 and the Debtor is not able to carry out his obligations under a chapter 11 plan, then the Trustee requests that the Debtor's case not be dismissed but converted back to one under chapter 7.

78. Finally, any administrative claims in the chapter 7 case should take priority over those chapter 11 expenses incurred in the previous chapter 11 case.

## NOTICE

79. Notice of this Objection has been given to: (1) the United States Trustee for the District of New Jersey; (2) counsel for Debtor; (3) the Debtor; and (4) all parties that timely have requested notice in this case. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is required.

## NO PRIOR REQUEST

80. Expect as noted herein, no previous motion for the relief sought herein has been made to this or to any other court.

## WAIVER OF BRIEF

81. As no novel issue of law is raised and the relevant authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the requirement of D.N.J. LBR 9013-1 of filing a brief be waived.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Motion to Convert to chapter 11 be denied, in the alternative that the Debtor provides for payment of all administrative costs and fees of the Trustee and his professionals in any proposed chapter 11 plan and if the Debtor is not able to carry out his obligations under a chapter 11 plan, then the Debtor's case not be dismissed but converted back to one under chapter 7; and this Court grant such other and further relief as is just, proper, and equitable.

Respectfully submitted,

**McDonnell Crowley, LLC**
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee*

Dated: January 3, 2017      By  */s/ Brian T. Crowley*
                                BRIAN T. CROWLEY

## **VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, JOHN M. McDONNELL, hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

> */s/ John M. McDonnell*
> JOHN M. McDONNELL, Chapter 7 Trustee

Dated:  January 3, 2017