McDonnell|Crowley

January 24, 2017

<u>*Via E- Mail and ECF*</u>

Honorable Kathryn C. Ferguson
United States Bankruptcy Court
District of New Jersey
Clarkson S. Fischer Courthouse
402 E. State Street
Trenton, NJ 08608

      RE:    *In re Praveen K. Andapally*, **Case No. 16-21074 (KCF);**
**Trustee's Objection to the Debtor's Application for an Order**
**Shortening Time Period for Notice Under Fed. R. Bankr. P. 9006(c)(1)**
**<u>As to the Debtor's Motion to Dismiss Case (Docket Nos. 92 and 93)</u>**

Dear Judge Ferguson:

     Please accept this short letter filed on behalf of John M. McDonnell, the chapter 7 Trustee (the "Trustee") for the estate of Praveen K. Andapally, the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, in lieu of a more formal memorandum in support of the Trustee's objection (the "Objection") to the Debtor's Application (the "Motion to Shorten Time") for entry of an order shortening the time period for notice under Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as to the Debtor's Motion to dismiss his case (the "Motion to Dismiss"). *See* Docket Nos. 92 and 93.

     Neither the Motion to Shorten Time nor the Motion to Dismiss provide any basis for the relief sought therein. In essence, the Motion to Dismiss was filed because the Debtor does not want to pay his creditors anything and the Motion to Shorten Time was filed as counsel for the Debtor does not appear to want to do anymore work in this matter – specifically, responding to the Trustee's recent motion to compel the turnover of estate property and the cooperation of the Debtor (the "Turnover Motion"). *See* Docket No. 90.

     Although, the "Debtor believes that his interests will best be served through no longer utilizing the bankruptcy" this is not a basis for dismissing these proceedings to the detriment of the estate's creditors. *See* Docket No. 92. Additionally, "[t]he Applicant requests an Order Shortening Time Period for Notice because there is currently a Motion to Compel filed by the Chapter 7 Trustee and Debtor requests that the Motion to Dismiss be heard prior," this also does not provide a basis for shortening the normal notice time prescribed under the Local and Federal Rules.

115 Maple Avenue
Red Bank, NJ 07701
732−383−7233|Phone
732−383−7531|Fax
www.mchfirm.com

      Moreover, this is the Debtor's latest attempt to essentially re-litigate some of the core issues recently decided by this Court when it denied the Debtor's motion to re-convert (the "Motion to Convert") his case following a hearing and opposition filed by the Trustee. *See* Docket Nos. 77, 84 and 87.

      Similar to the Motion to Convert, the very short Motion to Shorten Time and the Motion to Dismiss provide no legal or substantive basis for the relief sought in the pleadings as required under the Local and Federal Rules. *See* Bankruptcy Rule 9013 and D.N.J. LBR 9013-1.

      There is no harm to the Debtor to allow the Motion to Dismiss to be heard on the normal notice basis along with the Turnover Motion. However, the Trustee will be prejudiced in attempting to respond to the Motion to Dismiss, which he intends to further object, within the very short time sought by the Debtor.

      Accordingly, the Trustee respectfully requests the relief sought in the Motion to Shorten Time be denied and hold a hearing on the Motion to Dismiss on the same day as the Turnover Motion that is currently scheduled to be heard (February 21, 2017); and grant and such further and additional relief as this Court deems just, proper, and equitable.

      Respectfully submitted,

      */s/    Brian T. Crowley*
      BRIAN T. CROWLEY

cc: Harrison Ross Byck, Esq. (via e-mail at lawfirm@kasuribyck.com)

115 Maple Avenue
Red Bank, NJ 07701
732−383−7233|Phone
732−383−7531|Fax
www.mchfirm.com