**MᴄDᴏɴɴᴇʟʟ Cʀᴏᴡʟᴇʏ, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>PRAVEEN K. ANDAPALLY,<br><br>              Debtor. | Case No. 16-21074 (KCF)<br><br>Honorable Kathryn C. Ferguson<br><br>Chapter 7 |

**VERIFIED OPPOSITION OF JOHN M. MCDONNELL,**
**CHAPTER 7 TRUSTEE, TO DEBTOR'S MOTION TO DISMISS BANKRUPTCY CASE**

TO:    THE HONORABLE KATHRYN C. FERGUSON,
           UNITED STATES BANKRUPTCY JUDGE:

       John M. McDonnell, the chapter 7 trustee (the "Trustee") for the estate of Praveen K. Andapally, the chapter 7 debtor (the "Debtor"), by and through his counsel McDonnell Crowley, LLC, respectfully submits this verified objection (the "Objection"), pursuant to sections 105 and 707 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") and Rule 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule D.N.J. LBR 9013-1, to the Debtor's motion to dismiss his chapter 7 bankruptcy case (the "Dismissal Motion")[1].  Based upon information and belief, in support of the Objection, the Trustee respectfully represents as follows:

---
[1] *See* Docket No. 92.

## PRELIMINARY STATEMENT

1.      The Dismissal Motion is the Debtor's latest attempt to frustrate these proceedings and prevent a distribution to his creditors.

2.      The Dismissal Motion comes just one day after the Trustee filed his motion to compel turnover of certain property, and thirteen (13) days after this Court entered an Order denying the Debtor's motion to re-covert these proceedings to one under chapter 11 of the Bankruptcy Code.   Also, this is the Debtor's second bankruptcy case within a year.  Despite the Debtor having enjoyed the protections of the bankruptcy process for almost most a year – his creditors have seen no benefit due the bad faith actions of the Debtor.

3.      Contrary to the allegations of the Debtor with the filing of his Dismissal Motion, the most appropriate venue to proceed with the Debtor's bankruptcy case is as a chapter 7 liquidation, with the assistance of an independent fiduciary, in the form of the Trustee, who will be able to pursue claims on behalf of the estate and properly liquidate assets of the estate, and thus preserve, protect, and maximize the value of the estate for the benefit of all its creditors.

4.      As per the apparent normal pleading practice of the Debtor before this Court, the Debtor has offered no substantive evidence in support of his Dismissal Motion.  Indeed, the Dismissal Motion appears to be as vague as the other documents he has filed in this case.

5.      Granting the dismissal of these proceedings would prejudice the creditors of the estate.  The Debtor, with a creditor base already in the millions, is insolvent and offers no provision outside of the bankruptcy process for the payment of his creditors.

6.      Accordingly, the Trustee respectfully requests the relief sought in the Dismissal Motion be denied.

## BACKGROUND

### Procedural Background

7.      On June 7, 2016, the Debtor filed his voluntary petition (the "Second Petition") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.  *See* Docket No. 1.

8.      On June 8, 2016, the Clerk of this Court noted the dismissal of the Debtor's previous bankruptcy case with the following "Clerk's Evidence of Previous Dismissal. 11 U.S.C. section 362(c)(3).  The Debtor had one case pending within the preceding one year period but was dismissed. See case 16-11369."  *See* Docket *generally*.

9.      On December 15, 2016, this Court entered an order converting the Debtor's case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code (the "Conversion Order").  *See* Docket No. 68.

10.      On December 16, 2016, John M. McDonnell was appointed as the Trustee for the Debtor's estate and is acting in that capacity.  *See* Docket No. 71.

11.      The Debtor's 341(a) Meeting of Creditors (the "341 Meeting") is currently scheduled to be held on February 8, 2017.  *See* Docket No. 71.

12.      Based upon information and belief, it is unclear as of the filing of this pleading if the Debtor plans to attend the 341 Meeting.

### The Debtor's Previously Failed Bankruptcy

13.      The Second Petition was filed approximately six (6) weeks after the Debtor's first bankruptcy case was dismissed by this Court.

14.      On January 27, 2016 (the "Original Petition Date"), the Debtor filed his original voluntary petition (the "First Petition") for relief under chapter 11 the Bankruptcy Code, in the

United States Bankruptcy Court for the District of New Jersey (the "Original Bankruptcy Case"). *See* Court Docket No. 1, *In re Praveen K. Andapally,* Case No. 16-11369 (KCF) (the "Original Docket").

15.    As reflected on the docket, the signatures on the First Petition did not match the appropriate e-filer.  Although, the First Petition was filed by the law firm of Joshua L. Thomas & Associates (the "Thomas Firm") the First Petition was signed by "Harrison Ross Byck, Esquire" with the law firm of Kasuri & Levy, LLC (the "Kasuri Firm").  *See* Original Docket No. 1.

16.    Question No. 16 of the Statement of Financial Affairs (the "SOFA") reads in relevant part:  "Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?"

17.    In response to Question No. 16 of the SOFA of the First Petition the Debtor notes that "Kasuri & Levy, LLC" was paid $10,000 on "10/2015."  *See* Original Docket No. 1.

18.    On January 28, 2016, the Thomas Firm filed the amended petition and schedules that reflected the Thomas Firm as the appropriate e-filer.  However, on the amended petition, the Debtor's response remained the same as to the $10,000 paid to the Kasuri Firm.  It is not clear from the petition what, if any, compensation was paid to the counsel of record in the Original Bankruptcy Case, the Thomas Firm.  *See* Original Docket No. 4.

19.    *In the Debtor's current case*, on the Second Petition, in response to the compensation question in the previous year prior to the Petition Date (*see* Question No. 16 on the SOFA) the Debtor lists two payments to the Kasuri Firm, with the first payment of $4,500 paid in May 2015 for "toward previous Ch. 11 Bankruptcy and Loss Mitigation preparation",

and a second payment in the amount of $10,000 paid on "9/2015 to 11/2015" for "Attorney Fees

for Ch. 11 Bankruptcy, Loss Mitigation, negotiations, motions and DIP assistance."   No

payments are reflected to the Thomas Firm.  *See* Docket No. 1.

20.    On January 29, 2016, this Court entered an *Order to Show Cause Why Case

Should Not Be Dismissed for the Debtor's Failure to Meet Credit Counseling Requirements* (the

"Order to Show Cause") in the Original Bankruptcy Case.  *See* Original Docket No. 5.

21.    On February 10, 2016, this Court entered an Order dismissing the Original

Bankruptcy Case.  *See* Original Docket No. 17.

22.    On February 23, 2016, the Thomas Firm filed, on behalf of the Debtor, a short

motion to reinstate the case (the "Motion to Reinstate") which reads as follows:

> COMES NOW, Debtor, PRAVEEN K. ANDAPALLY, by and through
> the undersigned counsel and motion this Court to reinstate the Chapter 11
> case and vacate the Order Dismissing Case and in support of this motion,
> states:
>
> 1. The Court entered an Order dismissing the bankruptcy case on February
> 10, 2016 for failure to file credit counseling certificate.
>
> 2. The debtor has filed the Certificate of Credit Counseling on February
> 23, 2016.
>
> WHEREFORE, the Debtors ask that the Court grant this motion and for
> such other relief as is just and proper.

See Original Docket No. 21.

23.    The Motion to Reinstate appears very similar in form, as to verbiage and brevity,

as compared to the Motion to Convert and the Dismissal Motion filed by the Thomas Firm in

the Debtor's current case.  *See* Original Docket No. 21 and Docket Nos. 77 and 92.

24.    On March 23, 2016, this Court entered an Order denying the relief sought in the

Motion to Reinstate.   *See* Original Docket No. 22.

25.     On April 29, 2016, the Original Bankruptcy Case was closed.  *See* Original

Docket No. 24.

**The Debtor's Failure to Properly Administer his Recent Chapter 11 Case and Comply with**
**Orders of this Court and his Obligations under the Bankruptcy Code**

26.     The Debtor failed to effectively administer the estate and these proceedings

during the pendency of the chapter 11 case, as to the Second Petition.

27.     As of the Petition Date, the Debtor's right to exclusively file a proposed chapter

11 plan expired on October 5, 2016.  *See* Docket No. 1.

28.     On September 15, 2016, this Court entered an order requiring the Debtor to file a

plan of reorganization and disclosure statement by December 13, 2016 (the "Plan Deadline

Order").  The Plan Deadline Order provided in relevant part:

> ORDERED that the debtor shall file a Plan and Disclosure Statement by
> __*12-13-2016*_____, and it is further
>
> ORDERED that if the Plan and disclosure Statement are not filed by
> ___*12-13-2016*_____ the case will automatically be converted
> without further notice, and it is further
>
> ORDERED that the debtor comply with the Operating Guidelines for
> Chapter 11 Debtors issued by the Office of the United States Trustee,
> particularly as they apply to the filing of the operating reports and
> payment of the required quarterly fees to the United States Trustee
> pursuant to 28 U.S.C. § 1930.

*See* Docket No. 45.

29.     On December 12, 2016, the Debtor filed various overdue monthly operating

reports for the periods of September 2016 and October 2016.  No further monthly operating

reports were filed after this date.  *See* Docket Nos. 66 and 67.

30.     On December 15, 2016, this Court entered the Conversion Order.  *See* Docket

No. 68.

31.     The Debtor failed to file a proposed plan of reorganization and disclosure statement, as required under the Plan Deadline Order.  The Debtor also failed to file any pleadings with this Court to seek an extension of the deadline to file a proposed plan of reorganization or disclosure statement.

32.     The Conversion Order provides in relevant part as follows:

> ORDERED that this case is converted from chapter ___11 to chapter 7, and it is further
>
> ORDERED that the United States Trustee shall immediately appoint a chapter 7 trustee in this case, and it is further
>
> ORDERED that if the case is converting from chapter 11, the debtor or chapter 11 trustee shall . . . .  immediately turn over to the chapter 7 trustee, all records and property of the estate in his/her custody or control . . .

*See* Docket No. 68.

33.     On December 16, 2016, the United States Trustee appointed the Trustee.  *See* Docket No. 70.

34.     On December 16, 2016, the Trustee filed his application to retain McDonnell Crowley, LLC as his counsel.  On December 27, 2016, this Court entered an Order approving the retention of McDonnell Crowley, LLC as counsel to the Trustee.  *See* Docket Nos. 72 and 80. Neither the Debtor nor any other party in interest filed an objection to the retention application of McDonnell Crowley, LLC.

35.     On December 16, 2016, the Trustee also filed his application to retain Bederson LLP as his accountant.  On December 27, 2016, this Court entered an Order approving the retention of Bederson LLP as accountant to the Trustee.  *See* Docket Nos. 73 and 79.  Neither the Debtor nor any other party in interest filed an objection to the retention application of Bederson LLP.

36.     On December 16, 2016, counsel for the Trustee demanded the turnover of certain property, including, approximately $29,000 in funds and a 2015 Audi Q3, as well as the turnover of various documents and information.  *See* Exhibit "A" to the Turnover Motion (defined below) at Docket No. 90-3.

37.     Days later, following the Trustee's turnover demand, on December 19, 2016, the Kasuri Firm, on behalf of the Debtor filed the motion to convert this case from one under chapter 7 of the Bankruptcy Code to one under chapter 11 of the Bankruptcy Code (the "Motion to Convert").  *See* Docket No. 77.

38.     The short Motion to Convert offered no substantive and/or legal arguments and reads as follows:

> COMES NOW, the Debtor, PRAVEEN K. ANDAPALLY, and hereby submits this Motion to Convert Case From Chapter 7 to Chapter 11, and in support thereof states as follows:
>
> 1. The above-referenced case was filed on June 7, 2016.
>
> 2. We believe the Court inadvertently entered an order to convert and without debtor's attorney having a chance to be heard on the matter.
>
> WHEREFORE, Debtor respectfully requests that the case be converted back to Chapter 11.

*See* Docket No. 77.

39.     No Certificate of Service was filed with the Motion to Convert and no proof was offered by the Debtor as to service of the Motion to Convert.  *See* Docket *generally*.

40.     As noted above, the Motion to Convert appears very similar to the Motion to Reinstate that was filed by the Thomas Firm in the Original Bankruptcy Case.  *See* Original Docket No. 21 and l Docket No. 77.

41.    The Motion to Convert also failed to provide any justification for why the Debtor failed to properly file any motion seeking an extension of the Debtor's deadline to file a proposed plan of reorganization and disclosure statement, and/or comply with Orders of this Court and the Debtor obligations under the Bankruptcy Code – the only justification offered by the Debtor is this that Court must have made a mistake by entering the Conversion Order.

42.    Since his appointment, the Trustee has conducted an initial investigation of the Debtor's assets and has uncovered potential undisclosed/under-disclosed assets.  However, the Trustee requires the Debtor to comply with the obligations he voluntary assumed under the Bankruptcy Code and turnover property, information and otherwise cooperate with the Trustee and his professionals.

43.    On December 20, 2016, Debtor counsel's limited response to the Trustee's first turnover demand was via e-mail to remind the Trustee that the Debtor was "appealing the courts [Conversion Order] as we feel it was filed [and] signed in error . . . ."  *See* Exhibit "A" to the Turnover Motion (defined below) at Docket No. 90-3.

44.    On January 3, 2017, the Trustee filed his objection to the Motion to Convert and noted the difficulty he was having in securing the cooperation of the Debtor:  "[T]he Trustee requires the Debtor to comply with the obligations he voluntary assumed under the Bankruptcy Code and turnover property, information and otherwise cooperate with the Trustee and his professionals."  *See* Docket No. 84.

45.    On January 10, 2017, this Court held a hearing on the Motion to Convert and denied the relief sought therein.

46.    At the hearing on the Motion to Convert, counsel for the Trustee also noted the difficulty the Trustee has having in securing the turnover of estate property and information

from the Debtor. This Court noted that the Debtor should be cooperating with the Trustee and the potential financial repercussions for failure to properly cooperate.

47.    Immediately following the hearing, counsel for the Trustee and counsel for the Debtor discussed the matter in person and what specific property and information the Trustee sought to be turned over.

48.    On January 10, 2017, the Trustee sent his second turnover request (the "Trustee's Second Turnover Demand") to the Debtor for the turnover of the 2015 Audi Q3 (the "Audi") and certain funds in a TD Bank account in the amount of $28,555.35 (the "TD Funds") as both reflected by the Debtor on Schedule "B" of his petition, and certain documents and information of Debtor (the "Information Request"). *See* Exhibit "A" to the Turnover Motion (defined below) at Docket No. 90-3.

49.    Also, the Trustee personally called Debtor's counsel and never received a proper response to his request for information on potential assets of the estate – indeed, even though a legal assistant returned the Trustee's call no attorney returned his phone call to provide the information sought by the Trustee.

50.    As noted in the Trustee's Second Turnover Demand, the TD Funds and the Audi were due on January 17, 2017 and the documents and information by January 24, 2017. The Trustee also noted that the Debtor should not be using the Audi during the turnover period of the vehicle and it should be placed in a secure location pending the turnover. *See* Exhibit "A" to the Turnover Motion (defined below) at Docket No. 90-3.

51.    The Debtor made no reply to the Trustee's Second Turnover Demand.

52.    On January 11, 2017, this Court entered an order denying the Motion to Convert. *See* Docket No. 87.

53.    In the Trustee's Second Turnover Demand, counsel for the Trustee advised counsel for the Debtor that the Trustee would be seeking all legal fees and expenses associated with the motion if the Trustee was forced to file this pleading.

54.    On   January 24, 2017, the Trustee filed his motion (the "Turnover Motion") to compel the turnover of certain property, specifically the TD Funds and the Audi and information.  *See* Docket No. 90.

55.    One day after the Trustee filed the Turnover Motion, on January 24, 2017, the Debtor filed the Dismissal Motion.  *See* Docket No. 92.

56.    The Dismissal Motion reads in relevant part as follows:

> Praveen K. Andapally, Debtor, by and through the undersigned counsel, moves this Court for an Order Dismissing the Chapter 7 Bankruptcy Case and states:
>
> 1. Debtor filed a petition under Chapter 11 of the Bankruptcy Code on June 7, 2016, which was converted to Chapter 7.
>
> 2. Debtor was unable to meet the requirements of Chapter 11 by filing monthly operating reports as required.
>
> 3. Debtor is negotiating with his mortgage lenders on his primary residence outside of the bankruptcy process and the creditors are currently processing an application to modify his mortgages.
>
> 4. Should Debtor be denied mortgage modification, the lenders may seek relief in State Court to foreclose on Debtor's primary residence.
>
> 5. If Debtor remains in Chapter 7, Debtor may face unnecessary liquidation of its persona[l] property, including its vehicles which are required for work/employment and for his family.
>
> 6. Debtor believes that his interests will best be served through no longer utilizing the bankruptcy. Debtor wishes to pursue an alternate approach to his financial situation and believes his creditors can still seek full relief outside of the bankruptcy court.

7. Debtor also does not believe he should be subject to liquidation, particularly while his mortgage lenders are still reviewing his mortgage modification applications and still have not yet rendered a decision.

WHEREFORE, Debtor prays for an order dismissing case and any such other relief that may be just and proper in the circumstances.

*See* Docket No. 92.

57.    ***The Trustee notes this is substantively the entire composition of the Dismissal Motion and was signed by <u>counsel for the Debtor</u>.   The Debtor has offered no supporting certification and/or affidavit. Thus, not only did the Debtor offer no substantive legal arguments for the basis of the Dismissal Motion he also offered no evidentiary support.***   *See* Docket No. 92.

58.    ***Moreover, the entire basis of the Dismissal Motion appears to be these proceedings are no longer to the exclusive benefit of the Debtor, and he does not want any estate property sold for the benefit of creditors.***

59.    The Dismissal Motion makes **<u>no</u>** provision for the payment of the estate's creditors and does not offer any indication any creditor consents to the Dismissal Motion.

60.    The Debtor also filed his application for the Dismissal Motion to be heard on a shorten basis (the "Motion to Shorten Time").  *See* Docket No. 93.

61.    The Motion to Shorten Time reads in relevant part as follows:

1. Praveen K. Andapally is debtor in the instant case.

2. The Applicant requests an Order Shortening Time Period for Notice because there is currently a Motion to Compel filed by the Chapter 7 Trustee and Debtor requests that the Motion to Dismiss be heard prior.

3. Reduction of the time period in question is not prohibited under Fed. R. Bankr. P. 9006(c)(2) and the rules listed therein.

WHEREFORE, the Applicant requests entry of the order submitted herewith.

*See* Docket No. 93.

62.     On January 24, 2017, the Trustee filed his objection to the Shorten Time Application, nothing, among other things, the prejudice to the Trustee in attempting to respond to the Dismissal Motion on a shorten time basis.  The Trustee also noted in his opposition, that the Dismissal Motion "was filed because the Debtor does not want to pay his creditors anything and the Motion to Shorten Time was filed as counsel for the Debtor does not appear to want to do anymore work in this matter – specifically, responding to the Trustee's recent" Turnover Motion.  *See* Docket No. 94.

63.     On January 25, 2017, this Court entered an Order denying the relief sought in the Motion to Shorten Time, and a hearing is scheduled for February 14, 2017.  *See* Docket No. 95.

64.     The Dismissal Motion is nothing more than the Debtor's latest delay tactic to enjoy the benefits of the bankruptcy process with none of the responsibilities the Debtor voluntarily availed himself with the filing of the Second Petition to the determinant of his creditors – indeed, there is currently $2,107,641.35 in claims already filed on the claims register, including $60,712.63 in a priority claim owed the Internal Revenue Service, with the bar date not expiring until May 9, 2017; and $882,707.03 in claims being listed by the Debtor on Schedules "E/F" of the Second Petition.

65.     The Debtor's failure to cooperate with the Trustee and the filing of these frivolous pleadings is frustrating the Trustee's efforts to conduct an orderly liquidation of the estate's assets for the benefit of the entire creditor body.

66.     Moreover, the Debtor's vague filings in this bankruptcy proceeding leave a huge

gap in the understanding of the Debtor's financial affairs and require an independent fiduciary

in the form of the Trustee, in the contest of a chapter 7 bankruptcy, to allow for the orderly

liquidation of the Debtor's potential assets for the benefit of all the creditors of the estate.


## BASIS FOR RELIEF

67.     The Debtor has failed to meet his burden in establishing cause for granting the

relief sought in the Dismissal Motion, pursuant to sections 105 and 707 of the Bankruptcy Code.

Moreover, the Dismissal Motion failed to comply with Bankruptcy Rule 9013 and Local Rule

D.N.J. LBR 9013-1.   Accordingly, the Trustee respectfully requests that this Court deny the

relief sought the Dismissal Motion.

**I:      Cause Does Not Exist to Dismiss the Debtor's Bankruptcy Case, Pursuant to Section 707 of the Bankruptcy Code**

68.     The Debtor has failed to show why these proceedings should be dismissed and

prevent an independent fiduciary, in the form of the Trustee, to attempt to liquidate assets of the

estate.  A debtor "has no absolute right to dismissal of a chapter 7 case." *In re Turpen*, 244 B.R.

431, 434 (8th Cir. BAP 2000).

69.     Cause does not exist here to dismiss the Debtor's bankruptcy case.  Section 707 of

the Bankruptcy Code governs dismissal of chapter 7 cases.  Subsection (a) provides in pertinent

part that, "[t]he court may dismiss a case under this chapter only after notice and a hearing and

only for cause. . . ." *See* 11 U.S.C. § 707(a).

14

70.     As one Court within this District observed in considering a motion to dismiss:

> Debtors seeking to voluntarily dismiss their petition, therefore, have the burden of demonstrating sufficient cause. Thus, while debtors have an absolute right to file a bankruptcy petition, there is no absolute right to dismiss it.
>
> The Bankruptcy Code does not define cause. When deciding whether a debtor's request for voluntary dismissal should be granted, courts conduct a factually intensive assessment of the debtor's reasons for requesting dismissal and of the impact dismissal can be expected to have on the creditors. This assessment requires the court to balance the equities and consider the benefits and prejudice of dismissal. The two recurring factors in the court's analysis can be summarized as: (i) good faith of the debtor; and (ii) prejudice to the creditors. In its simplest terms, the test for cause turns on whether or not the dismissal is in the best interests of the debtor and the creditors of the estate, with particular emphasis on whether the dismissal would be prejudicial to creditors. A number of courts recognize that even if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors.
>
> Dismissal of a petition may result in prejudice to creditors where the debtor has not presented any credible or viable plan for paying his creditors outside of bankruptcy. Even where a debtor proposes to pay all creditors in full, a request for dismissal may be denied if there is doubt over a debtor's ability to pay his creditors.

*In re Xiu Lan Guo Fan*, 2013 WL 776241, at *2 (D.N.J. Feb. 28, 2013)(internal citations and quotations omitted).

71.     Courts generally consider the following factors when ruling on a debtor's motion to dismiss: (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in a prejudicial delay in payment (4); whether dismissal would result in reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending. *In re Turpen*, 244 B.R. 431, 434 (8th Cir. B.A.P. 2000); *See also In re Aupperle*, 352 B.R. 43, 46 (Bankr. D.N.J. 2005) (applying the *Turpen* factors).

72.    In analyzing the relevant factors set forth in *Turpen*, it is clear that here, the Debtor has not established cause for dismissal because: (1) the Debtor has not asserted that any creditors consented to the dismissal; (2) based on the foregoing facts, the Debtor is not acting in good faith and, in fact, the Trustee submits that the Debtor has acted in bad faith with the attempts at a quick dismissal of this new chapter 7 case following the Debtor's failure of the Original Bankruptcy Case, Motion to Reinstate, and the Motion to Convert; (3) dismissal would result in prejudicial delay in payment because the creditors would have to individually sue the Debtor rather than resolve all claims in the pending bankruptcy proceeding.  Indeed, the only provision the Debtor's counsel makes for the creditors is the following in the Dismissal Motion "Debtor wishes to pursue an alternate approach to his financial situation and believes his creditors can still seek full relief outside of the bankruptcy court."  This is lack of strategy to his creditors is hardly an approach for making his substantial creditor base whole; (4) there is the potential that the dismissal could result in reordering of priorities in that the Debtor would retain potentially property that could be used for the benefit of his creditors; (5) creditors could seek other means for pursuing payment, but there could be numerous pending lawsuits and/or judgments entered, with potential settlements at varying amounts; and (6) the Debtor filed the Dismissal Motion immediately after the Trustee filed the Turnover Motion to avoid the liquidation of the TD Funds and the Audi. The Debtor appears to candidly note that this is the driving force for the filing of the Dismissal Motion – he wants to retain property for his benefit that he knows should be sold to provide a distribution to creditors as requested in the Turnover Motion

73.    Additionally, even where a debtor is solvent, this is not enough to establish cause to dismiss a case.  In establishing cause, the *Turpen* Court ultimately denied the debtor's motion

16

to dismiss, holding that the debtors did not necessarily establish that they were solvent and, even if they were solvent, the ability of the debtors to repay their debts did not constitute adequate cause. *Turpen*, 244 B.R. at 434 (citing *In re Williams*, 15 B.R. 655, 657 (Bankr. E.D. Mo. 1981)).

74.    In this case, based upon the limited information available, it appears the Debtor is insolvent.  The Debtor lists $1,278,017.44 in assets on Schedules "A/B" of the Second Petition and the claims register, currently reflects claims of $2,107,641.35 with months left before the passage of the bar date.

75.    As the *Turpen* Court also noted, prejudice to creditors is important factor to consider no matter the showing of cause by a debtor to dismiss a case. "[E]ven if the Debtors could make a showing of cause, the court cannot dismiss the case if there is a showing of prejudice to the creditors."  *Turpen*, 244 B.R. at 435 (citing *In re Watkins*, 229 B.R. 907, 909 (Bankr. N.D. Ill. 1999)).  The *Turpen* Court also further reasoned that dismissal of a case should be denied after it appeared due to failing to account honestly and such a failure indicates the likelihood of further questionable practices to the detriment of creditors.  *Turpen*, 244 B.R. at 435; *see also In re Klein*, 39 B.R. 530 (Bankr. E.D.N.Y. 1984) (Court denied a debtor's motion to voluntarily dismiss his bankruptcy case where the debtor failed to list valuable assets.).

76.    Similarly, in *In re Hopkins,* 261 B.R. 822, 823–25 (Bankr. E.D. Pa. 2001), a chapter 7 debtor moved to voluntarily dismiss her bankruptcy case.  The court, held that, even assuming that debtor had established "cause" for voluntarily dismissing her chapter 7 case, the court would not allow the debtor to voluntarily dismiss based on possibility of harm to creditors.

77.     The court in *Hopkins* noted in relevant part:

> [C]hapter 7 debtors do not have an absolute right to dismissal. To succeed on a dismissal motion, a chapter 7 debtor must make a showing of cause and demonstrate why dismissal is justified.  Even if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors.
>
> ****
>
> The Debtor has realized that filing a chapter 7 case was a mistake and now proposes to pay all creditors in full.  However, it is clear from both the legislative history of 11 U.S.C. § 707 and relevant case law that a debtor's ability to repay her debts will not, on its own, constitute cause for dismissal.

*Hopkins*, 261 B.R. at 823 (internal citations and quotations omitted).

78.     The Debtor has not satisfied his burden of showing that cause exists to dismiss his Second Petition.  In fact, "cause" exists for the Trustee to be given the chance to conduct his due diligence to properly investigate the financial affairs of the Debtor.   As noted in the Turnover Motion, the Trustee has already discovered assets to be liquidated for the benefit of creditors.

79.     The Dismissal Motion offers no substance to support the relief sought therein. The Debtor's main argument appears to be the bankruptcy process no longer serves his unilateral benefit and he does not want his assets sold as the Trustee proposes for the benefit of the estate's creditors.

80.     The Debtor makes absolutely no showing of his solvency and/or a proposed plan to pay creditors anything – much less making his creditors whole.   Indeed, when the Debtor was operating as a debtor-in-possession in a chapter 11 proceeding he did not even file a plan of reorganization.

81.    The Debtor voluntarily chose to seek the protections of the Bankruptcy Court when he filed for bankruptcy.  The Debtor should not be permitted to dismiss his case simply because the Trustee has been appointed for the benefit of creditors as seeks the liquidation of estate property.

**II:    Pursuant to Section 105 of the Bankruptcy Code the Equities Weigh in Favor of Denying the Debtor's Dismissal Motion**

82.    Denying the relief sought in the Debtor's Dismissal Motion is also appropriate within this Court's equitable powers under section 105(a) of the Bankruptcy Code.  It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the administration of bankruptcy proceedings.  *See In re Official Comm. of Unsecured Creditors of Cybergenics Corp.*, 330 F.3d 548, 567 (3d Cir. 2003); *Pepper v. Litton*, 308 U.S. 295, 304 (1939); *In re Carlton,* 72 B.R. 543, 547 (Bankr. E.D.N.Y. 1987) (Duberstein, Former Ch. J.).

83.    Section 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a).

84.    As courts commonly acknowledge, section 105 of the Bankruptcy Code confers broad powers on bankruptcy courts:

> [Section] 105 [is] an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case.  The basic purpose of [section] 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of its jurisdiction . . . .

*Davis v. Davis (In re Davis)*, 170 F.3d 475, 492 (5th Cir. 1999) (internal citations and quotations omitted); *See also In re Kaiser Aluminum Corp.*, 456 F.3d 328, 340 (3d Cir. 2006).    Under section 105(a) of the Bankruptcy Code, this Court has expansive equitable power to fashion any

order or decree that is in the interest of preserving or protecting the value of the debtor's assets. *See Coie v. Sadkin (In re Sadkin),* 36 F.3d 473, 478 (5th Cir. 1994).

85.    In the case *sub judice*, the only fair and equitable course is to allow for the Trustee's attempt to discover assets of the estate for the benefit of all the estate's stakeholders.

86.    Moreover, there is no benefit to the creditors of the estate in allowing this case to be dismissed for the sole benefit of the Debtor.  Indeed, no substantive evidence is offered to show that the Debtor's creditors have consented to the dismissal.  Furthermore, if the Debtor is allowed to dismiss his case he may simply use this as another opportunity to avoid making any real payment to his creditors.

87.    Alternatively, the appointment of an independent fiduciary in the form of the Trustee provides for orderly liquidation of the Debtor's assets for the benefit of the creditors of the estate.

88.    Accordingly, the Dismissal Motion should be denied to allow the Trustee the opportunity liquidate the TD Funds and the Audi and investigate for additional assets.

**III:    The Dismissal Motion Should be Denied For Failing to Comply with the Bankruptcy Ruled and the Local Rules**

89.    The Dismissal Motion appears to make little attempt to comply with the Bankruptcy Rules and the Local Rules.

90.    The Dismissal Motion failed to adhere to Bankruptcy Rule 9013.  "Pleadings in contested matters that simply state bare legal conclusions or merely recite the elements of the movant's cause of action that are not supported by any factual allegations will not suffice under Rule 9013's pleading with particularity requirement." *In re Weatherford*, 434 B.R. 644, 650 (Bankr. N.D. Ala. 2010).  Bankruptcy Rule 9013 provides:

> A request for an order, except when an application is authorized by the rules, shall be by written motion, unless made during a hearing. ***The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought***. Every written motion, other than one which may be considered ex parte, shall be served by the moving party within the time determined under Rule 9006(d). The moving party shall serve the motion on:
>
> (a) the trustee or debtor in possession and on those entities specified by these rules; or
>
> (b) the entities the court directs if these rules do not require service or specify the entities to be served.

*See* Bankruptcy Rule 9013.

91.     Moreover, the Dismissal Motion also failed to comply with the Local Rules. D.N.J. LBR 9013-1 provides the following as to pleadings filed within this jurisdiction "(a) Required documents.  A motion or cross-motion must consist of the following documents: (1) a notice of motion stating the date, time, and place of the hearing; (2) a certification containing the facts supporting the relief requested; (3) a memorandum of law stating the legal basis for the relief requested, or a statement why a memorandum of law is unnecessary; (4) a proposed order; and (5) Local Form Certification of Service."

92.     As noted herein, the Dismissal Motion provided: no factual reasoning and/or the particularity the grounds for the basis of the relief requested in the Dismissal Motion; and no memorandum of law and/or legal authorities for the basis sought in the Dismissal Motion.

93.     Indeed, there is no evidentiary support offered for the short Dismissal Motion as the Debtor's counsel appears to be the only party to have signed any pleading.

94.     Accordingly, the Dismissal Motion was not properly filed and should be denied.

**IV:      Alternative Relief: The Payment of all Chapter 7 Expenses and the Priority of the Same**

95.      If, however, this Court is inclined to dismiss the Debtor's case, as a condition of dismissal, the Debtor must satisfy the Trustee's and his professional's administrative fees and expenses incurred to date. *"Prior to dismissal [] the debtor must deposit with the trustee an amount sufficient to pay all fees, costs and expenses.  Upon certification by the trustee that the deposit has been made, the attorney for the debtor will submit an order of dismissal." In re Jackson*, 7 B.R. 616, 618 (Bankr. E.D. Tenn. 1980); *see also*; *In re Blackmon*, 3 B.R. 167, 169 (Bankr. S.D. Ohio 1980) ("Certainly a trustee in bankruptcy may intervene both to assert the best interests of the general unsecured creditors and to obtain reimbursement or adequate security for any expenses incurred.").

96.      Moreover, any administrative claims in the chapter 7 case should take priority over those chapter 11 expenses incurred in the previous chapter 11 case.

97.      In addition, the Debtor must also agree to pay all creditors in full.

## NOTICE

98.      Notice of the Objection has been given to: (1) the United States Trustee for the District of New Jersey; (2) counsel for the Debtor; (3) the Debtor; and (4) all parties that timely have requested notice in this case.  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is required.

## WAIVER OF BRIEF

99.      As no novel issue of law is raised and the relevant authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the requirement of D.N.J. LBR 9013-1 of filing a brief be waived.

## <u>CONCLUSION</u>

WHEREFORE, the Trustee respectfully requests that this Court deny the Debtor's

Dismissal Motion to dismiss his bankruptcy petition and grant any such further relief as this

Court deems just, proper, and equitable.

**McDonnell Crowley, LLC**
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*


By: _____*/s/ Brian T. Crowley*_____
    BRIAN T. CROWLEY

Dated: February 7, 2017

## <u>VERIFICATION PURSUANT TO 28 U.S.C. § 1746</u>

I, **JOHN M. McDONNELL**, hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

*/s/ John M. McDonnell*
JOHN M. McDONNELL, Chapter 7 Trustee

Dated: February 7, 2017