**McDonnell Crowley, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee*

Order Filed on April 19, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>PRAVEEN K. ANDAPALLY,<br><br>                Debtor. | Case No. 16-21074 (KCF)<br><br>Honorable Kathryn C. Ferguson<br><br>Chapter 7 |

## STIPULATION AND CONSENT ORDER

The relief set forth on the following pages, numbered two (2) through twelve (12), is hereby **ORDERED**.

**DATED: April 19, 2017**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtors: | Praveen K. Andapally |
| Case No.: | 16-21074 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

**THIS STIPULATION AND CONSENT ORDER** (the "Stipulation and Consent Order") is entered into by and between John M. McDonnell, the chapter 7 trustee (the "Trustee"), not individually or personally, but as the Trustee for the estate of Praveen K. Andapally, the chapter 7 debtor (the "Debtor" and together with the Trustee, the "Parties"), and the Debtor, by and through their respective counsel. The Parties hereby stipulate and agree as follows:

WHEREAS, on June 7, 2016, the Debtor filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). *See* Docket No. 1; and

WHEREAS, on December 15, 2016, the Bankruptcy Court entered an order converting the Debtor's case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code (the "Conversion Order"). *See* Docket No. 68; and

WHEREAS, on December 16, 2016, John M. McDonnell was appointed as the Trustee for the Debtor's estate and is acting in that capacity. *See* Docket No. 71; and

WHEREAS, on December 16, 2016, the Trustee filed his application to retain McDonnell Crowley, LLC as his counsel. On December 27, 2016, the Bankruptcy Court entered an Order approving the retention of McDonnell Crowley, LLC as counsel to the Trustee. *See* Docket Nos. 72 and 80; and

WHEREAS, on December 16, 2016, the Trustee also filed his application to retain Bederson LLP as his accountant. On December 27, 2016, the Bankruptcy Court entered an Order approving the retention of Bederson LLP as accountant to the Trustee. *See* Docket Nos. 73 and 79; and

(Page 3)

| | |
|---|---|
| Debtors: | Praveen K. Andapally |
| Case No.: | 16-21074 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

WHEREAS, on December 16, 2016, counsel for the Trustee demanded the turnover of certain property, including, a 2015 Audi Q3 (the "Audi") and certain funds in a TD Bank account in the amount of $28,555.35 (the "TD Funds"), as both reflected by the Debtor on Schedule "A/B" of his petition, as well as the turnover of various documents and information. *See* Exhibit "A" to the Turnover Motion (defined below) at Docket No. 90-3; and

WHEREAS, on December 19, 2016, the Kasuri Firm, on behalf of the Debtor filed the motion to convert this case from one under chapter 7 of the Bankruptcy Code to one under chapter 11 of the Bankruptcy Code (the "Motion to Convert"). *See* Docket No. 77; and

WHEREAS, on January 3, 2017, the Trustee filed his objection to the Motion to Convert. *See* Docket No. 84; and

WHEREAS, on January 10, 2017, the Bankruptcy Court held a hearing on the Motion to Convert and denied the relief sought therein; and

WHEREAS, on January 10, 2017, the Trustee sent a follow-up request to the Debtor for the turnover of the Audi and the TD Funds, and certain documents and information of Debtor (the "Information Request"). *See* Exhibit "A" to the Turnover Motion (defined below) at Docket No. 90-3; and

WHEREAS, on January 23, 2017, the Trustee filed his motion (the "Turnover Motion") to compel the turnover of certain property, specifically the TD Funds and the Audi and information. *See* Docket No. 90; and

WHEREAS, on January 24, 2017, the Debtor filed his motion to dismiss his chapter 7 bankruptcy case (the "Dismissal Motion"). *See* Docket No. 92; and

(Page 4)

| | |
|---|---|
| Debtors: | Praveen K. Andapally |
| Case No.: | 16-21074 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

WHEREAS, the Debtor also filed his application for the Dismissal Motion to be heard on a shorten basis (the "Motion to Shorten Time"). *See* Docket No. 93; and

WHEREAS, on January 24, 2017, the Trustee filed his objection to the Shorten Time Application. *See* Docket No. 94; and

WHEREAS, on January 25, 2017, the Bankruptcy Court entered an Order denying the relief sought in the Motion to Shorten Time, and a hearing is scheduled for February 14, 2017. *See* Docket No. 95; and

WHEREAS, on February 7, 2017, the Trustee filed his objection to the Dismissal Motion. *See* Docket No. 97; and

WHEREAS, the Debtor's 341(a) Meeting of Creditors (the "341 Meeting") was held on February 8, 2017. *See* Docket No. 71; and

WHEREAS, at the 341 Meeting, the Debtor asserted he does not own the Audi, and it is rather owned by his wife, a non-debtor spouse; and

WHEREAS, on February 14, 2017, the Bankruptcy Court held a hearing on the Dismissal Motion and denied the relief sought therein; and

WHEREAS, the Trustee has also asserted the estate's ownership interest in certain equity in, the TD Funds, equity in certain real property located at 6 Richard Road, Edison, New Jersey 08820 (the "Edison Property"), equity in certain real property located at 310 Green Holly Drive, Iselin, New Jersey 08830 (the "Iselin Property"), and interest in certain insurance polices as reflect on Schedule "A/B" as "Prudential Life cash value" (the "Insurance Policy, and together

(Page 5)

| | |
|---|---|
| Debtors: | Praveen K. Andapally |
| Case No.: | 16-21074 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

with the TD Funds, the Edison Property, and the Iselin Property, collectively defined herein as the "Estate Property Interests"); and

WHEREAS, the Trustee and Debtor have reached a proposed agreement on the resolution of issues, specifically, the disposition of the Estate Property Interests; and

WHEREAS, as set forth more fully below, the Debtor has agreed to pay the Trustee a onetime settlement payment of $100,000. For estate accounting purposes, the $100,000 settlement will be allocated as follows for the estate's assets: (i) $50,000 for the Iselin Property; (ii) $20,000 for the Edison Property; (iii) $20,000 for the TD Funds; and (iv) $10,000 for the Insurance Policy; and

WHEREAS, following good faith negotiations, the Parties desire to settle this matter to avoid further costs of litigation on the terms set forth herein; and

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.    The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Stipulation and Consent Order.

2.    This Stipulation and Consent Order and all of the terms and conditions herein are hereby APPROVED in their entirety pursuant to applicable provisions of the Bankruptcy Code and Bankruptcy Rules. In addition, any actions of the Parties to this Stipulation and Consent Order necessary to consummate the transactions contemplated by the Stipulation and Consent Order also are APPROVED.

(Page 6)

Debtors:            Praveen K. Andapally
Case No.:           16-21074 (KCF)
Caption of Order:   Stipulation and Consent Order

3.      This Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date").

4.      The Debtor shall pay to the Trustee the sum of $100,000 (the "Settlement Funds"), within seven (7) days of the Effective Date.  The Debtor shall make the Settlement Funds by issuing a check payable to *"John M. McDonnell, Trustee for Praveen K. Andapally"* and delivering it to the following address:

> **Brian T. Crowley, Esq.**
> **McDonnell Crowley, LLC**
> **115 Maple Avenue**
> **Red Bank, New Jersey 07701**

5.      The Debtor does hereby expressly and unconditionally waive any and all rights and/or claims to, and/or any right to claim as exempt, the Settlement Funds, any proceeds derived therefrom, pursuant to any applicable law including, but not limited to, sections 105 and 522 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4003.

6.      The Trustee shall retain the Settlement Funds for the benefit of the estate's creditors.  The Settlement Funds shall be deemed property of the estate.

7.      The Debtor hereby expressly notes his limited financial resources and ability to fund a settlement.  The Debtor further notes he has been experiencing financial issues and problems paying creditors for at least the four years prior to the Petition Date.  The Debtor noted his current state of financial resources is not projected to change substantively for at least the next few years.

(Page 7)

| | |
|---|---|
| Debtors: | Praveen K. Andapally |
| Case No.: | 16-21074 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

8.    The Debtor does hereby warrant and represent that he has not previously assigned, sold, transferred, conveyed or otherwise disposed of any interest, in whole or in part, in any claim, charge, demand, judgment, cause of action, damage, loss, fee, cost, expense and/or liability of any nature whatsoever that the Debtor has, had or may have against, the estate, the Trustee, the Trustee's professionals, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise or whether based on common law or any federal or state statute, rule or regulation whether suspected or unsuspected, or whether now or previously recognized to any other person.

9.    The Debtor hereby unconditionally and absolutely withdraw, dismiss, release, waive, and forever discharge with prejudice, any scheduled claim, any proof of claim, or any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the estate, the Trustee, the Trustee's professionals, *including, but not limited to*, any claims arising under Bankruptcy Rule 9011, Rule 11 of the Federal Rules of Civil Procedure, and any claim that they are or may be entitled to under section 502 of the Bankruptcy Code and any and all such claims are hereby permanently, disallowed and irrevocably expunged.  The Debtor further waives any and all objections to the fee applications of the Trustee and/or Trustee's professionals.  The Debtor represents and warrants that he will not directly or indirectly, encourage any individual and/or entity to assert any claim against the Trustee, the Trustee's professionals, and/or the estate.  The Debtor agrees that this Stipulation and Consent Order shall be construed as a covenant not to sue, institute, or instigate (or cause,

(Page 8)

| | |
|---|---|
| Debtors: | Praveen K. Andapally |
| Case No.: | 16-21074 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

facilitate, or encourage the commencement of) any lawsuit (whether in law or at equity), administrative, regulatory, or self-regulatory investigation or proceeding, or any other action relating to any conduct by the estate, Trustee, and/or the Trustee's professionals.

10.    Upon entry of an order by the Bankruptcy Court approving this Stipulation and Consent Order, and the performance of all obligations under this Stipulation and Consent Order by the Debtor, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, hereby releases and forever discharges, the Debtor, from any and all claims, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, whether known or unknown, that the Trustee, the Debtor's bankruptcy estate ever had or now has, or may claim to have at the present time, against the Debtor as it related to the Estate Property Interests. Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of this Stipulation and Consent Order.

11.    The Debtor notes his continuing obligation to cooperate with the Trustee and his professionals.

12.    Upon entry of an order by Bankruptcy Court approving this Stipulation and Consent Order, the payment of the Settlement Funds and the clearing of all funds related to the same, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, for true consideration as noted herein, hereby abandons back all the estate's rights, titles, ownership, and interests in the Estate Property Interests.

(Page 9)

| | |
|---|---|
| Debtors: | Praveen K. Andapally |
| Case No.: | 16-21074 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

13.    The transfer by the Trustee to the Debtor is essentially in the nature of an "as is, where is" transfer of any interest, if any, the estate may have in the Estate Property Interests, with the Trustee making no warranties and/or representations of any kind.

14.    ***This Stipulation and Consent Order is not meant in any way to resolve any claims the Trustee and/or the estate may have against third parties.***

15.    It is understood that this Stipulation and Consent Order embodies a compromise of various disputed claims, and it is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists by either party and/or that any valid defense exists to any such claim or cause of action by either party.  In the event that this Stipulation and Consent Order is not approved by the Bankruptcy Court for any reason, or this Stipulation and Consent Order is otherwise deemed invalid as a result of a breach of this Stipulation and Consent Order, each party reserves all of their rights to assert any applicable claims, causes of action and defenses as against each other, the Parties, any entity or person, and/or any other party in interest.

16.    Each party agrees that they shall bear their own costs and fees as it relates in any way to this Stipulation and Consent Order, and/or the disputes settled by this Stipulation and Consent Order.

17.    This Stipulation and Consent Order shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable federal law.

(Page 10)

Debtors:            Praveen K. Andapally
Case No.:           16-21074 (KCF)
Caption of Order:   Stipulation and Consent Order

18.     The Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the terms and conditions of this Stipulation and Consent Order, and any and all disputes, claims or actions based upon this Stipulation and Consent Order, shall be heard exclusively by the Bankruptcy Court in the District of New Jersey.

19.     No failure or delay by either party in exercising any right, power, or privilege under this Stipulation and Consent Order or applicable law shall operate as a waiver against that party.

20.     The invalidity, illegality, or unenforceability of any provision of this Stipulation and Consent Order shall not affect any other provision of this Stipulation and Consent Order, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

21.     This Stipulation and Consent Order constitutes the entire agreement between the Parties, and this Stipulation and Consent Order cannot be orally altered, amended, or superseded except upon written consent of the Parties hereto.  It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation and Consent Order be construed as an integrated document.

22.     This Stipulation and Consent Order was drafted by all the Parties, and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

23.     This Stipulation and Consent Order shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

(Page 11)

Debtors:          Praveen K. Andapally
Case No.:         16-21074 (KCF)
Caption of Order:  Stipulation and Consent Order

24.    The persons signing below each represent and warrant that they have the authority to enter into and perform under this Stipulation and Consent Order on behalf of the party on whose behalf they so sign or represent.

25.    The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Consent Order, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts.  Rather, the Parties to this Stipulation and Consent Order relied upon their own judgment, beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Stipulation and Consent Order.

26.    The Debtor acknowledges that his attorney has advised him of the legal import and consequences of this Stipulation and Consent Order.

27.    This Stipulation and Consent Order may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum.  Execution by a party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all parties appear on a single signature page hereto.  It shall not be necessary, in making proof of the Stipulation and Consent Order, to produce or account for more than one (1) counterpart.

28.    A facsimile and/or PDF signature on this Stipulation and Consent Order shall be deemed to be an original signature for all purposes.  In the event that a suit or proceeding is

(Page 12)

Debtors:            Praveen K. Andapally
Case No.:           16-21074 (KCF)
Caption of Order:   Stipulation and Consent Order

brought to enforce the terms of this Stipulation and Consent Order, the plaintiff or movant shall
not be required to produce or introduce into evidence a copy of this Stipulation and Consent
Order bearing original signatures of the Parties, other than facsimile signatures and/or PDF
signatures.

29.    The Parties hereto shall execute and deliver such other and further documents and
perform such other and further acts as may be reasonable, necessary and/or customary in order to
consummate the transactions contemplated by this Stipulation and Consent Order.

**IN WITNESS WHEREOF,** each of the parties below has executed and delivered this
Stipulation and Consent Order as of the date written below.

**AGREED AND STIPULATED:**

**McDONNELL CROWLEY, LLC**
*Counsel to John M. McDonnell, not
individually or personally, but as Chapter 7
Trustee for Praveen K. Andapally*

By: _____

Name: BRIAN T. CROWLEY

Date: 4/13/2017

**KASURI BYCK, LLC**
*Counsel for Debtor*

By: _____

Name: HARRISON ROSS BYCK

Date: 2/27/17

**PRAVEEN K. ANDAPALLY**
*The Debtor*

By: _____

Name: PRAVEEN K. ANDAPALLY

Date: _____